[No. 1081, February 25, 1905.]

TERRITORY OF NEW MEXICO, Appellee, v. TORIBIO GUTIERREZ, Appellant.

### SYLLABUS.

1. The law does not presume malice from the use of a dangerous weapon in a case of homicide; but such use is a circumstance from which the jury may imply malice if borne out by all the facts and circumstances in the case.

2. It is error to instruct the jury that the killing of a human being with a dangerous weapon is murder in the second degree, unless the jury believe that the killing was without malice in fact. The defendant is never required to prove his innocence but only to raise a reasonable doubt of his guilt.

Territory v. Gutierrez.

3. The court should instruct the jury as to what constitutes justifiable homicide in the case of an officer who kills another while attempting an arrest for felony, and where there is evidence tending to show that the deceased was attempting to kill the officer or members of his posse, in resisting such an arrest.

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

E. V. CHAVES, for appellant.

Malice is not presumed from the use of a deadly weapon.

Territory v. Lucero, 8 N. M. 543.

Murder is the unlawful killing of a human being with malice aforethought, either express or implied.

Sec. 1060, Compiled Laws, New Mexico, 1897; Wharton's Criminal Evidence, Secs. 722 to 738; State v. Vaughan, 39 Pac. Rep. 733; Denmson v. State, 13 Ind. 510; State v. McKenzie, 102 Mo. 620; Ty. v. Wyo. 21 Pac. 1081; State v. Wingo, 66 Mo. 181; People v. Willett, 36 Hun. 500.

Innocence should be presumed until the case is proved against the prisoner beyond a reasonable doubt.

Coffin v. United States, 156 U. S. 432, and notes; Davis v. United States, 160 U. S. 469; Wharton's Criminal Evidence, Secs. 330-331; Greenleaf on Evidence, Secs. 29-30.

If an act must be committed wilfully to render it an offense, the legal meaning of the word "wilfully" should be explained.

Sackett's Instructions to Juries p. 511-512; 11 Ency. of Pl. & Pr. p. 205; Wheeler v. State, 23 Tex. App. 598; Thomas v. State, 14 Tex. App. 200; Trice v. State, 17 Tex. App. 43.

Murder in the second degree defined.

Section 1064, Compiled Laws of New Mexico, 1897.

It is the duty of the court in its instructions to the jury in a criminal case to give them all the law to which

Territory v. Gutierrez.

the evidence is applicable whether requested to do so or not.

> Territory v. Nichols, 3 N. M. 103; Wharton's Crim. Pl. & Pr., Secs. 709-713; Comp. Laws of N. M. 1897, Sec. 2994; Leonardo v. Ty. 1 N. M. 291; Territory v. Friday, 8 N. M. 204; Aguilar v. Ty. 8 N. M. 496; Territory v Young, 2 N. M. 93; Territory v. Romine, 2 N. M. Rep. 114.

When the court has any doubt as to the degree of the crime, and there is any evidence which tends to reduce the degree, then the court should instruct the jury as to the law of the lower degree.

> 10 Ency. of Pl. & Pr. p. 164-165; Secs. 1068 to 1070; Comp. Laws N. M. 1897; Sackett's Instructions to Juries p. 527 and 528; Colton v. People of Utah, 130 U. S. p. 870.

As to instructions to the jury.

> Gold v. Skillicorn, 8 N. M. p. 11-17; Ty. v. Lucero, 8 N. M. p. 550; Rapalje on Witnesses, Sec. 190; Gotlieb v. Harmon, 3 Colo., 60; People v. Strong, 30 Calif. 156; Brennan v. People, 15 Ill. 511; Sackett on Instructions to Juries, p. 473.

GEORGE W. PRICHARD, Solicitor General, for appellee.

Assignments of error must be definite and certain.

> 1 Cyc. 986, et seq.

The law presumes malice from the use of deadly weapons, "unless evidence which proves the homicide also shows that it was perpetrated without malice."

> 21 A. & E. Ency. (2nd Ed.) 149.

### STATEMENT OF FACTS.

The appellant, Toribio Gutierrez, was tried at the March, 1904, term of the district court of Bernalillo county, on change of venue from Valencia county, for the murder of one Salomon Vallejos, and was convicted of murder in the second degree. A motion for a new trial was heard and overruled, and appellant brings this case here on appeal.

The evidence shows that the appellant was a deputy sheriff of Valencia county, and at the time of the homicide had collected a posse and gone to the residence of one Candelario Jaramillo in Los Lentes, in said county, for the purpose of arresting the deceased for felonies recently committed by him; that he had no warrant for the deceased but that the felonies had been committed within a few hours of the homicide.

About nine or ten o'clock p. m., the deputy and his posse arrived at Jaramillo's house and immediately thereafter, the deceased and others came out of the house. There is a conflict of testimony as to what then occurred, the theory of the prosecution being that appellant shot and killed the deceased without cause or provocation, and that of appellant being that deceased drew a pistol and attempted to shoot the deputy and members of his posse.

There is testimony to support either contention. It is not denied that defendant fired the shot which caused the death of the deceased, who expired in a few hours.

## OPINION OF THE COURT.

MANN, J.—The errors complained of, and insisted upon by appellant in his brief, consist of instructions given by the trial court which were duly excepted to by appellant, and certain instructions asked by him and refused by the court, which refusal he assigns as error.

The court instructed the jury on the question of malice as follows:

"4. Malice is that stage or condition of mind indicated by a wicked and malicious purpose, which characterizes the perpetration of a wrongful act, intentionally committed, and without lawful excuse or justification. It is that quality or frame of mind which prompts the unlawful, premeditated and intentional act and which shows a heart regardless of social duty and fatally bent on mischief. This frame or condition of mind is denominated express or actual malice, and its existence, if it does exist, is to be found by the jury as any other material element on the case, beyond a reasonable doubt. Express malice is that deliberate intention unlawfully to take away the life of a fellow creature which is manifest by

external circumstances, capable of proof. And in passing upon this issue it is competent for the jury to consider the acts, language and conduct of the defendant as shown in the evidence, in connection with all facts and circumstances proven on the trial.

"5. In cases of homicide, however, the law presumes malice from the use of a deadly weapon, or from the wanton or cruel killing of another without excuse or justification therefor, or without considerable provocation, unless the evidence which proves the homicide also shows that it was perpetrated without malice. If you believe from the evidence beyond a reasonable doubt that the defendant killed the said Salomon Vallejos, wantonly and cruelly, without justification or excuse therefor, or without considerable provocation, or that he killed the said Salomon Vallejos with a deadly weapon, then the law presumes that it was done maliciously and you should so find unless you further believe from the evidence, that it was done without any malice in fact. You are instructed as a matter of law that a loaded gun is a deadly weaopn, and the law presumes that every sane and accountable human being intends the natural and probable consequences of his own voluntary acts; and if the evidence proves that the said defendant fired leaden bullets into the body of the said Salomon Vallejos and inflicted a wound upon or in the body of the said Salomon Vallejos then you would be warranted in concluding that the defendant intended to inflict said wound upon or in the body of the said Salomon Vallejos."

It is a serious question, whether the use of a deadly weapon under the circumstances in this case, would justify the instructions given; and, in fact, it may well be questioned whether there is a presumption of law arising in any criminal case as against the accused in the general acceptation of the term.

Mr. Wharton in his work on criminal evidence, Section 738, speaking of the presumption of malice arising from the fact of the killing of a human being, says: "We must keep in mind that the doctrine that malice and intent are presumptions of law, to be presumed from the mere fact of killing, belongs, even if correct, to purely

speculative jurisprudence, and cannot be applied to any case that can possibly arise before the courts. * * * * * Should, however, the judge make the proposition not speculative, but regulative; should he direct the jury that logical inferences of this class are presumptions of law and tell them to presume malice in the act of killing, then this would be error." 1 Elliott on Evidence, (1904) Sec. 98; 1 Jones on Evidence, Sec. 24; Trumble v. Territory of Wyoming, 6 L. R. A. 384.

This court held, in Territory v. Lucero, 8 N. M. 543, that the presumption of malice from the killing of a human being is a presumption of fact for the jury and not a presumption of law. The elaborate discussion in that case and the conclusion they reach is equally applicable in this case; for, certainly, no stronger presumption would arise from the use of a deadly weapon in a case like the one at bar, where the killing and the use of the deadly weapon are both admitted, and the defense is justifiable homicide, than the case then under discussion. Here appellant was an officer of the law attempting to arrest the deceased. He had a right to carry the weapon and use it if necessary to prevent escape or to overcome resistance where his life or the lives of members of his posse, seemed in danger. Territory v. McGinnis, 10 N. M. 280.

True, 'the evidence as to the necessity of appellant's action in killing the deceased is conflicting, and upon that question of necessity depends whether or not there was malice. The fact that appellant used a deadly weapon can throw no light upon the subject in this case; and the instruction which literally told the jury that "if you believe from the evidence, beyond a reasonable doubt, that the defendant killed Salomon Vallejos * * * * * with a deadly weapon, then the law presumes that it was done maliciously, and you should so find, unless you further believe from the evidence that it was done without any malice in fact," was misleading and erroneous in that it was an erroneous statement of law and placed upon the defendant the burden of proof on the question of malice, an important and controlling element of the crime with which he stood charged.

In ordinary cases of homicide the fact of the use of deadly weapons may be a circumstance from which, together with all the other facts and circumstances in the case, the jury might .infer malice, but it certainly had no application here; and where such inference does arise it is rebutted, and controlled by the presumption of innocence in favor of the defendant, until all the facts and circumstances of the case corroborate and strengthen such inference, raising it to the dignity of proof beyond reasonable doubt. Davis v. United States, 160 U. S. 469; Chaffee v. United States, 18 Wall. 516; Territory v. Lucero, supra.

The court further instructed the jury as to murder in the second degree as follows:

"13.   You are instructed that deliberation, premeditation and malice aforethought are not elements of the crime of murder in the second degree.   Murder in the second degree is the killing of a human being by the use of a dangerous weapon without premeditation and without malice aforethought."

The court also gave instruction No. 14 on the subject of murder in the second degree as follows:

"You are instructed that if you do not find the defendant guilty of murder in the first degree; but if you do find from the evidence beyond a reasonable doubt that at and within the county of Valencia and Territory of New Mexico, on or about the 9th day of August, 1903, the said Salomon Vallejos was then and there living, and that then and there the defendant made an assault upon the said Salomon Vallejos, with a gun, commonly called a rifle, without malice aforethought, and did then and there inflict a wound upon and in the body of the said Salomon Vallejos by firing off said gun to, at and against the body of the said Salomon Vallejos and thereby inflicted a wound upon and in the body of the said Salomon Vallejos, and the said Salomon Vallejos afterwards, to-wit., on the said 9th day of August, 1903, died of the said wound so inflicted by the defendant, then the said defendant would be guilty of murder in the second degree, and you should convict him of that crime, unless the shooting was done in self defense; and in that case you should find the defendant not guilty."

Territory v. Gutierrez.

These instructions were, we think, erroneous for the following reasons:

First. Instruction number thirteen did not define murder in the second degree as it is defined by our statute. Section 1064, Comp. Laws, 1897, is as follows:

"All murder which shall be perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor, or which shall be perpetrated in the heat of passion without design to effect death, but in a cruel and unusual manner, or by means of a dangerous weapon, unless it is committed under such circumstances as constitute excusable and justifiable homicide, or which shall be perpetrated unnecessarily, either while resisting an attempt by the person killed to commit any offense against person or property, or after such attempt shall have failed, shall be deemed murder in the second degree."

It will be seen that no such construction as that given by the learned trial court can be gleaned from this statute. While the omission of the word "unlawful" in number 13, may be cured by the general definition of murder in instruction number 3, yet it cannot be said that the mere killing of a human being with a deadly weapon, without deliberation and without malice aforethought, is murder in the second degree.

The statute makes murder in the second degree those cases only which come under its express provisions, namely:

1. All murder which shall be perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor, or

2. All murder which shall be perpetrated in the heat of passion without design to effect death, but (a) in a cruel or unusual manner, or (b) by means of a dangerous weapon, unless it is committed under such circumstances as constitute excusable or justifiable homicide; or,

3. All murder which shall be perpetrated unnecessarily, either while resisting an attempt by the person killed to commit any offense against the person or property, or after such attempt shall have failed.

It will be readily seen that under the evidence in

this case the shooting with a dangerous weapon was not in the heat of passion, and consequently the attempted definition does not apply. If there was murder in the second degree in this case, it must have been under the third sub-division as outlined above.

We are further of the opinion that the trial court should have given instruction number one asked for by the defendant, as the same substantially outlines justifiable homicide under Section 1068, and sub-division 3rd of Section 1039, Comp. Laws, 1897; and the appellant had a right to have that question submitted to the jury under the evidence.

For the reasons given the cause is reversed and remanded for a new trial.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., and Wm. H. Pope, A. J., concur.

Abbott, A. J., did not sit in this case nor participate in this decision.